UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )    CR No. 09-032-01-S
                                    )
MARCUS DENSON.                      )
_____)

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Marcus Denson has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44) in the above matter. For the reasons that follow, the motion is denied.

I.   Background and Travel

Denson pled guilty to one count of knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. His plea was made pursuant to a plea agreement, which included a provision waiving the right to appeal his sentence if it was within the U.S. Sentencing Guideline range, as determined by the Court, or lower. (Plea Agreement ¶ 12, ECF No. 14.)

On December 4, 2009, this Court sentenced Denson to 120 months imprisonment, followed by 5 years of supervised release, which was substantially below the applicable guideline range. (J. 2-3, ECF No. 28.) Denson was represented by Federal Defender Mary S. McElroy for all proceedings in this Court.

Notwithstanding the appeal waiver provision in his plea agreement, Denson filed a notice of appeal. On appeal, Denson was represented by new counsel, Attorney Matthew A. Kamholtz. Subsequently, through his appellate counsel, Denson moved to voluntarily dismiss his appeal. (See Appellant's Mot. to Dismiss Appeal, United States v. Denson, No. 10-1093 (1st Cir. May 24, 2010).) The motion stated that, after conferring with his counsel, Denson agreed that his appeal should be dismissed and was signed by both Denson and his attorney. (Id. at 1.) On June 9, 2010, the First Circuit granted Denson's motion and dismissed his appeal. (J., United States v. Denson, No. 10-1093 (1st Cir. June 8, 2010).)

Thereafter, Denson timely filed the instant motion to vacate. In his motion, Denson asserts (1) that his trial counsel was ineffective because she failed to challenge the Court's jurisdiction to adjudicate his offense; and (2) that his appellate counsel was ineffective for obtaining Denson's agreement to dismiss his appeal and for failing to challenge the

2

Court's sentence of supervised release. The government has opposed Denson's motion (ECF No. 47), and Denson has filed a reply (ECF No. 48). This matter is ready for decision.[1]

II. Discussion

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); accord United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010).

In assessing the adequacy of counsel's performance, a defendant "'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether,

---

[1] Although Denson requests an evidentiary hearing, no hearing is required in connection with the issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his claims are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (stating that district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible" (internal citation and quotation marks omitted)).

in the particular context, the identified conduct or inaction was 'outside the wide range of professionally competent assistance.'" Manon, 608 F.3d at 131 (quoting Strickland, 466 U.S. at 690). With respect to the prejudice requirement under Strickland, a "reasonable probability is one sufficient to undermine confidence in the outcome. . . . In making the prejudice assessment, [the Court] focuses on the fundamental fairness of the proceeding." Id. (internal citations and quotation marks omitted); accord United States v. Theodore, 468 F.3d 52, 56 (1st Cir. 2006).

A. Ineffective Assistance of Trial Counsel

Denson first asserts that his trial counsel was ineffective in failing to move to quash the indictment on the basis that this court lacked jurisdiction to prosecute him. This argument is devoid of merit.

The Court's jurisdiction over violations of the Controlled Substances Act is well established. See 18 U.S.C. § 3231 (providing that district courts have original jurisdiction over all offenses against the laws of the United States); see also Cantrell v. Reno, 36 Fed. Appx. 651, 652 (1st Cir. 2002) ("The trial court's jurisdiction under 18 U.S.C. § 3231 is not restricted to crimes occurring on federally owned property." (citing United States v. Mundt, 29 F.3d 233, 237 (6th Cir.

4

1994))). This category of offenses includes drug offenses defined in Title 21. See Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999).[2]

Denson's territorial claim -- that this Court did not have jurisdiction to adjudicate his offense because the government did not prove that the property on which it occurred was owned or administered by the federal government (Pet'r's Mem. 6-7, ECF No. 44) -- has been rejected by several courts of appeals, including the First Circuit. See United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991) (citing United States v. Koliboski, 732 F.2d 1328, 1329 (7th Cir. 1984) and cases cited therein). "It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained." Id. (emphasis in original).

Furthermore, 18 U.S.C. § 3231 indisputably gives the Court subject-matter jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231; see also Cantrell, 36 Fed. Appx. at 652 ("The trial court's jurisdiction under 18

---

[2] Denson's reference to Fed. R. Crim. P. 54(b)(2) is inexplicable, as that provision was deleted and transferred to Fed. R. Crim. P. 1 in 2002. Moreover, the substance of that provision pertained to the applicability of the Federal Rules to criminal proceedings rather than to jurisdiction. See 2002 Advisory Notes to Fed. R. Crim. P. 1 (stating that subsection b(2) was unnecessary because once venue has been established the Federal Rules of Criminal Procedure automatically apply).

U.S.C. § 3231 is not restricted to crimes occurring on federally owned property." (citing United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994))). This category of offenses includes the Controlled Substances Act, 21 U.S.C. § 841. See 18 U.S.C. § 3231.

In view of the foregoing, any motion based on jurisdiction by Denson's counsel would have been denied, and Denson's counsel had no obligation to raise such a frivolous motion. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) (stating that counsel is not required to pursue futile or frivolous motions). Moreover, such a frivolous claim could not have had an effect on the outcome of his case, and therefore Denson cannot show prejudice. See Strickland, 466 U.S. at 694; Manon, 608 F.3d at 131.

Accordingly, Denson's claim of ineffective assistance of trial counsel fails.

B.  Ineffective Assistance of Appellate Counsel

Denson also alleges that his appellate counsel was ineffective in persuading Denson to agree to a voluntary dismissal of his appeal without informing him that counsel could have sought to withdraw from representation pursuant to the procedures outlined in Anders v. California, 386 U.S. 738 (1967). Denson asserts that had counsel filed an Anders brief,

6

Denson could have filed his own pro se challenge to the five-year term of supervised release imposed as part of his sentence. (Pet'r's Mem. 15-16, ECF NO. 44; Reply 3, ECF NO. 48.)

To successfully assert a claim that appellate counsel was ineffective, Denson must not only show that his counsel acted unreasonably in failing to discover nonfrivolous issues for appeal, but he must show a reasonable probability that, but for counsel's deficiencies, he would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (citing Strickland, 466 U.S. at 694). Moreover, "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Id. at 288. In addition, a defendant must "show a reasonable probability that, but for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal." Id. at 285; see Thompson v. Spencer, 111 Fed. Appx. 11, 13 (1st Cir. 2004) (discussing Robbins).

Here, Denson's claim fails for several reasons. First, the record shows that Denson clearly agreed to voluntarily dismiss his appeal and, indeed, he signed the motion to dismiss himself. Moreover, as part of his plea agreement, Denson had agreed to waive any appeal of his sentence if it was within or below the

applicable guideline range, and his sentence was substantially below the guideline range.[3]

Second, there is no requirement that counsel file an Anders brief in order to protect an appellant's constitutional rights. See Robbins, 528 U.S. at 272-73 (Anders procedure "is not 'an independent constitutional command,' but rather is just 'a prophylactic framework'" (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1990))).

Third, the claim that Denson argues he could have raised on appeal -- that his term of supervised release was too lengthy -- was itself meritless. Denson contends that he was convicted of a Class D felony and that, under the guidelines, his range of supervised release was two to three years. However, his offense was a Class B felony, which carried a maximum term of

---

[3] Denson cites United States v. Cunningham, 292 F.3d 115 (2d Cir. 2002), in support of his argument that the appeal waiver provision precluded only an appeal of his imprisonment and not his supervised release. In Cunningham, the defendant signed a plea agreement in which the government agreed in paragraph 7(c) to recommend a sentence limited to time served, and the defendant agreed not to appeal his conviction or sentence "in the event that the Court imposes the sentence specified in paragraph 7(c)." Id. at 116. The Second Circuit found that this provision did not preclude an appeal of his supervised release. Id. at 117. In contrast, here Denson agreed not to appeal if his "sentence" was within the applicable guideline range, which reasonably could include his term of supervised release. In any event, even if his appeal waiver provision did not preclude Denson from filing an appeal, he voluntarily dismissed it, as discussed supra.

8

imprisonment of twenty-five years or more. See 18 U.S.C. § 3559; 21 U.S.C. § 841(b). In fact, the statute under which Denson was convicted provides for a term of supervised release from four years to life. See 21 U.S.C. § 841(b)(1)(B). This period of supervised release controls over the more general period provided in 18 U.S.C. § 3583. Id. (providing for terms of supervised release "[n]otwithstanding section 3583 of Title 18"); see United States v. Cortes-Claudio, 312 F.3d 17, 22-23 (1st Cir. 2002) (stating that specific terms of supervised release provided in 21 U.S.C. § 841(b) control over more general terms provided in 18 U.S.C. § 3583); see also United States v. Ayala, 290 Fed. Appx. 366, 370 (1st Cir. 2008) (stating that penalties for drug offenses are governed by 21 U.S.C. § 841(b), not by 18 U.S.C. § 3583(b)).

Finally, the guidelines provide that, if a term of supervised release is ordered, the length of the term shall be at least three years, but not more than five years, for a Class B felony. See U.S.S.G. § 5D1.2(a)(1). Thus, Denson's term of supervised release of five years was within the statutory range and the guidelines range applicable to his offense of conviction. As such, there is no possibility that he would have prevailed on appeal.

It follows that Denson's ineffective assistance claim as to appellate counsel likewise fails.

III. Conclusion

For all of the foregoing reasons, Denson's claims must be rejected and his motion to vacate is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Denson has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Denson is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: July 26, 2012