UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    v.                             )    CR. No. 09-32-02 S
                                   )
DOUGLAS DENSON.                    )
_____)

**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**

WILLIAM E. SMITH, United States District Judge.

Douglas Denson has filed Defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment 750, Effective November 1, 2011 (ECF No. 50), pursuant to, inter alia, 18 U.S.C. § 3582(c)(2). A review of the record indicates that Denson is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3582 because he was sentenced as a career offender, not pursuant to any guideline which has subsequently been reduced. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1.

"[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Diaz, CR No. 99-091-ML, 2011 WL 2551734, at *2 (D.R.I. June 27, 2011) (quoting United States v. Caraballo, 552 F.3d 6,

11 (1st Cir. 2008)); cf. United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010) ("If a defendant not designated a career offender was sentenced under the crack cocaine guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the crack cocaine guidelines."). Here, Denson was sentenced as a career offender and, therefore, is not eligible for resentencing.

Denson claims that the Court sentenced him to "an Offense Level 26, Criminal History Category VI, of 120 months." (Mot. 2.) He is mistaken. According to the Presentence Investigation Report (PSR) and the Court's summary at the outset of the hearing, Denson's base offense level, prior to application of the career offender provisions, was 26. (PSR 3; Sentencing Tr. 3, Dec. 2, 2009.) Because he met the definition of a career offender, Denson's offense level was established at 34. (PSR 4; Tr. 3.) He received a three point adjustment for acceptance of responsibility, which resulted in a total offense level of 31. (PSR 4; Tr. 3.)

At the beginning of the sentencing hearing, a number of possible scenarios were discussed as a frame of reference or benchmark. (Tr. 5.) However, this does not alter the fact that Denson was sentenced as a career offender. See United States v.

Roa-Medina, 607 F.3d 255, 260 (1st Cir. 2010) ("Other courts have held, and we agree, that a district court's reference to offense levels in making its discretionary decision of how far to depart [does] not amount to the application of a sentencing range authorized and made applicable by the Sentencing Guidelines and therefore [is] of no legal significance to the analysis under § 3582(c)(2)." (alterations in original) (internal citation and quotation marks omitted)).

Moreover, nowhere in the transcript does the Court state that Denson's ultimate sentence was based on an offense level of 26.[1] Rather, the transcript reflects several instances where the Court recognized Denson's status as a career offender. (Tr. 3 (noting Denson's career offender designation)); (Tr. 4 (same)); (Tr. 24 (noting that Denson had earned his career offender designation)); (Tr. 26 (same).) The Court stated that the career offender "designation should be given some discounting,"[2]

---

[1] The only reference to an offense level of 26 occurred in the context of summarizing how Denson's offense level was calculated, beginning with his base offense level of 26. (Tr. 3-4.)

[2] The Court gave two reasons for its finding that the guideline range was "too severe," (Tr. 26), in this case. The Court stated that:

> I think it's too severe in part because of the difference between crack cocaine and powder cocaine. I also think it's too severe because your designation

3

(Tr. 26), and, therefore, varied downward from the career offender range of 188-235 months to a sentence of 120 months, but nowhere does the Court suggest that it is doing so by reverting to Denson's pre-career offender offense level of 26. Cf. Cardosa, 606 F.3d at 21 (recounting that at sentencing district judge stated that "he was depart[ing] downward in this matter under the guidelines <u>to the offense level computation without the career offender status</u> . . . .") (alteration in original) (internal quotation marks omitted). Thus, in Cardosa, the defendant's sentence was based on the crack cocaine guidelines. Id. Here, however, Denson's sentence was based on his career offender designation, and he is not eligible for resentencing under § 3582(c)(2). See id. at 19.

Despite the Court's downward variance, Denson's sentence was based on a range derived from the career offender guideline range. United States v. Ayala-Pizarro, 551 F.3d 84, 85 (1st Cir. 2008). Thus, Amendment 706 did not lower Denson's actual sentencing range, Caraballo, 552 F.3d at 11, and he is,

---

> as a career offender on a spectrum of career offenders from bad to worst, you're on the bad side, not on the worst side. You've earned the designation but you haven't accumulated the worst of the criminal history that I've seen or we see in this Court."

(Tr. 26.)

4

therefore, ineligible for a reduction in sentence pursuant to § 3582(c).

For these reasons, Denson's Motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
United States District Judge
Date: May 10, 2013