UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   CR. No. 09-32-01 S
                                    )
MARCUS DENSON.                      )
_____)

## ORDER DENYING MOTION FOR REDUCTION IN SENTENCE

WILLIAM E. SMITH, United States District Judge.

Defendant Marcus Denson has filed a letter dated November 7, 2011, which the Court treats as a Motion (ECF No. 49). He seeks a reduction in his sentence based on the retroactive application of Amendment 750 to the United States Sentencing Guidelines. A review of the record indicates that Denson is ineligible for a reduction in sentence pursuant to Amendment 750 because he was sentenced as a career offender, not pursuant to any guideline which has subsequently been lowered. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1.

"[A] sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Diaz, CR No. 99-091-ML, 2011 WL 2551734, at *2 (D.R.I. June 27, 2011) (quoting United States v. Caraballo, 552 F.3d 6,

11 (1st Cir. 2008)); cf. United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010)("If a defendant not designated a career offender was sentenced under the crack cocaine guidelines before the guideline reduction, he may seek resentencing; if sentenced as a career offender for the same offense, he may not as his sentence was not based on the crack cocaine guidelines."). Here, Denson was sentenced as a career offender and, therefore, is not eligible for resentencing.

Denson claims that the Court determined his sentence of 120 months "based on the fact that [he] did not qualify as a Career Offender." (Mot. 1.) He is mistaken. The Court noted several times that Denson qualified for designation as a career offender. (Sentencing Tr. 4, Dec. 2, 2009 (stating that "we're dealing both with a crack cocaine issue and we're dealing with a career-offender-driven guideline range"); Tr. 14-15 (noting that Denson qualified as a career offender because of his distribution charges); Tr. 25 (stating, before pronouncing sentence, that "Mr. Denson, you're designated as a career offender, as you know."); Tr. 27 (again noting that Denson was designated as a career offender and stating that "the guideline range here is driven mostly, as you know, by your criminal history and your designation as a career offender").) Thus, Denson's sentence was "based on" his career offender status,

2

despite the fact that the Court ultimately varied from the career offender sentencing guideline range of 188-235 months.[1] The fact that a number of possible sentencing ranges were discussed as a frame of reference or benchmark, (Tr. 4-6), does not alter the fact that Denson was sentenced as a career offender, see United States v. Roa-Medina, 607 F.3d 255, 260 (1st Cir. 2010) ("Other courts have held, and we agree, that a district court's reference to offense levels in making its discretionary decision of how far to depart [does] not amount to the application of a sentencing range authorized and made applicable by the Sentencing Guidelines and therefore [is] of no legal significance to the analysis under § 3582(c)(2).") (alterations in original) (internal citation and quotation marks omitted).

Despite the downward variance, Denson's sentence was based on a range derived from the career offender guideline range. United States v. Ayala-Pizarro, 551 F.3d 84, 85 (1st Cir. 2008) ("Here, as in Caraballo, the drug type was alluded to in the

---

[1] The Court gave two reasons for finding that the career offender guideline range was "too harsh" in this case: first, "because of the so-called crack/powder disparity, that is, if this case were charged as a powder cocaine case, it would have a lower guideline range;" and, second, because, while Denson did qualify as a career offender, he was "not on the worst end of that scale." (Sentencing Tr. 27, Dec. 2, 2009.) The Court also stated that it "want[ed] to give [Denson] one more chance." (Id.)

course of constructing the defendant's sentence but, ultimately, the sentence actually imposed was based on a sentencing range derived from the career offender guideline."). Thus, Amendment 750 did not lower Denson's actual sentencing range, Caraballo, 552 F.3d at 11, and he is, therefore, ineligible for a reduction in sentence pursuant to § 3582(c).

For these reasons, Denson's Motion for reduction of sentence is DENIED.

IT IS SO ORDERED.


/s/ William E. Smith
William E. Smith
United States District Judge
Date: May 10, 2013